# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| STEPHEN PAUL JARRELL, | : | Case No. 3:16-cv-00095 |
| | : | |
| Plaintiff, | : | District Judge Walter H. Rice |
| | : | Magistrate Judge Sharon L. Ovington |
| vs. | : | |
| | : | |
| ROBERT McDONALD, Secretary Of | : | |
| U.S. Dept. of Veterans Affairs, et al., | : | |
| | : | |
| Defendants. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. Introduction

Plaintiff Stephen Paul Jarrell brings this case pro se challenging the U.S. Department of Veterans Affairs' responses to his requests for records. Unsatisfied with the records and responses he has received from the VA, he seeks an Order requiring, among other things, payment of damages for Defendants' alleged violations of the Privacy Act. The case is before the Court upon Defendants' Motion to Dismiss (Doc. #10), Plaintiff's Motion in Opposition (Doc. #12), Defendants' Reply (Doc. #15), Plaintiff's Supplemental Memorandum (Doc. #16), and the record as whole.

## II. Background

Plaintiff has filed six previous cases in this Court concerning his relatively brief service in the U.S. Army in 1971, the problems he encountered in the Army, his

---

[1] Attached is a NOTICE to the parties regarding objections to this Report and Recommendations.

dishonorable or less-(or other)-than-honorable discharge[2] from the Army, the VA's denials of his applications for disability benefits, and his requests for records relating to his military service, his discharge, and the denials of disability benefits. Most of his past cases have not gone his way for various reasons. *Jarrell v. US Army*, 3:94cv00275 (dismissed for lack of jurisdiction, failure to state a claim, and additional reasons); *Jarrell v. USA,* 3:94cv00463 (dismissed—barred by collateral estoppel); *Jarrell v. National Personnel Records Center*, 3:11cv00434 (Defendant's Motion for Summary Judgment granted); *Jarrell v. Federal Bureau of Investigation, et al.*, 3:13cv00343 (dismissed—barred by res judicata, statute of limitations, and additional reasons). And he has voluntarily dismissed two recent cases. *Jarrell v. Secretary of Veterans Affairs*, 3:15cv00187; *Jarrell v. McDonald, et al.*, 3:16cv00007.

Plaintiff's present Complaint and Amended Complaint largely concern the VA's responses to his requests for records in 2015 and 2016. He sought these records in an apparent effort to learn more about the evidence the VA relied on in its January 14, 2105 Determination "regarding [his] eligibility for benefits." (Doc. #4, *PageID* #18).

His Amended Complaint lists 12 paragraphs he describes as "Claims." He asserts elsewhere that Defendants have violated (1) certain sections of the Privacy Act, (2) 38 U.S.C. § 5104, (3) his constitutional right to privacy, and (4) his rights under the Due Process Clause of the Constitution. (Doc. #12, *PageID* #s 80, 92; Doc. #16, *PageID* #161). He seeks the following relief (verbatim, without editing):

---

[2] Plaintiff uses the phrase "less than honorable discharge."

>Plaintiff would like this court to find that the Defendant acted in a willful and intentional manner when the agency removed Evidence from the file which showed that the Statute the VA was relying on to deny my service connected disability claim did not apply in this case. Plaintiff would also like this court to find that the agency acted in a willful and intentional manner when the agency prevented me from presenting Evidence to show I met the minimum requirements for a service connected disability claim. In addition Plaintiff would like this court to order the agency to pay damages for the various violations of the Privacy Act committed by this Defendant.

(Doc. #4, *PageID#* 21).

### III.     Rule 12(b)(6)

Defendants contend that dismissal of Plaintiff's claims is warranted under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief could be granted.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "The facts cannot make it merely possible that the defendant is liable; they must make it plausible. Bare assertions of legal liability absent some corresponding facts are insufficient to state a claim." *Agema v. City of Allegan*, 826 F.3d 326, 331 (6th Cir. 2016) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"*Pro se* complaints are … held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (citation omitted)).

3

IV. **Discussion**

    A. **Defendants United States Attorney and The United States Attorney General**

Plaintiffs' Complaint and Amended Complaint identify the United States Attorney and the United States Attorney General as Defendants. Plaintiffs' pleadings, however, raise no allegations against these two Defendants. As a result, Plaintiff's pleadings fail to raise a plausible claim for relief against either of these two Defendants. *See Iqbal*, 556 U.S. at 678; *see also Agema*, 826 F.3d at 331.

Accordingly, Defendants' Motion to Dismiss is well taken as to Defendants United States Attorney and United States Attorney General.

    B. **Claim #1**

Plaintiff's Amended Complaint asserts:

> Claim #1. On Feb. 9, 2015 the VA failed to respond to a request for a record of the Summary of Evidence used by the VA in a Jan. 14, 2015 Determination, regarding my eligibility for service connected disability benefits. The request is already a part of the court record.

(Doc. #4, *PageID* #18). Plaintiff grounds Claim #1 on the access-to-records requirements in the Privacy Act, 5 U.S.C. § 552a(d)(1), and he notes that only Claim #1 pertains to § 552a(d)(1). *See* Doc. #12, *PageID* #80.

The Privacy Act "regulate[s] the collection, maintenance, use and dissemination of information by [federal] agencies," *Doe v. Chao*, 540 U.S. 614, 618 (2004) (citation omitted), and provides avenues of potential civil relief against federal agencies for violating the Privacy Act. *See* 5 U.S.C. § 552a(g). Under the Privacy Act, federal agencies—including the VA, *see* 38 C.F.R. § 1.577—must provide access to records as follows:

4

>**Access to records**.−Each agency that maintains a system of records shall--
>
>>(1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him, except that the agency may require the individual to furnish a written statement authorizing discussion of that individual's record in the accompanying person's presence[.]

5 U.S.C. § 552a(d)(1).

The Privacy Act vests federal district courts with jurisdiction over Plaintiff's Claim #1 as follows:

>>(g)(1) Civil remedies—Whenever any agency
>>
>>. . .
>>
>>(B) refuses to comply with an individual request under subsection (d)(1) of this section[,]
>>
>>. . .
>>
>>the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1).

Construing Plaintiff's *pro se* Amended Complaint liberally in his favor, and accepting his factual allegations as true, Claim #1 establishes at this stage of the case that the VA refused to respond to his request for the "Summary of Evidence" it used in its January 14, 2015 Determination.  (Doc. #4, *PageID* #18).  Such a refusal states a plausible violation of 5 U.S.C. § 552a(g)(1) over which this Court has jurisdiction under this section of the Privacy Act's plain and unambiguous language.

Defendants disagree, contending that Plaintiff's Claim #1 fails to state a claim upon which relief can be granted because he was not denied access to his Privacy Act records. Defendants assert, "At most, Plaintiff made a request to the VA to provide him with records which he already had." (Doc. #10, *PageID* #40).  Defendants rely on the sworn Declaration of Charles L. Moore, a Veteran Service Center Manager with the VA, the attached determination letter dated January 14, 2015 that the VA sent to Plaintiff.  Moore explains that the VA considers "the letter as both notice and a summary of evidence …." *Id*. at ¶ 4. Focusing on Moore's statement, Defendants contend that Plaintiff was not denied the records he requested—the summary of the evidence the VA used in its January 14, 2015 Determination—because he already had this summary in his possession by way of the January 14, 2015 determination letter.

Defendants err at this stage of the case by focusing on Moore's statements and on the merits of Claim #1.  Their merit-based arguments in a Rule 12(b)(6) Motion before formal discovery has occurred is contrary to the requirement that Plaintiff's allegations must be accepted as true and his *pro se* Amended Complaint must be liberally construed in his favor. *See Iqbal,* 556 U.S. at 678; *see also Kottmyer v. Maas*, 436 F.3d 684, 688 (6th Cir. 2006). Presently, it is Plaintiff's version of the facts that controls, not Moore's.  And, consequently, Defendants' present reliance on Moore's Declaration is misplaced.

Defendants also err by asking the Court to consider documents outside the pleadings, including Moore's Declaration and a copy of the January 14, 2015 Determination letter. Defendants have not addressed the preliminary issue of whether the Court may consider these documents at this stage of the case.  To resolve this issue, the Federal Rules of Civil

6

Procedure point the way: "If on a motion under Rule 12(b)(6)…, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment under Rule 56. All parties must be given reasonable opportunity to present all material that is pertinent to the motion.'" Fed. R. Civ. P. 12(d); *see Tackett v. M&G Polymers, USA, LLC*, 561 F.3d 478, 487 (6th 2009).

In limited circumstances, conversion to summary judgment is unnecessary. "[A] court may consider exhibits attached to the complaint, public records, items appearing in the record of the case, and exhibits attached to defendant's motion to dismiss, so long as they are referred to in the complaint and are central to the claims contained therein, without converting the motion to one for summary judgment." *Gavitt v. Born*, 835 F.3d 623, 640 (6th Cir. 2016). The Court's authority to convert a motion to dismiss to a motion for summary judgment "'should be exercised with great caution and attention to the parties' procedural rights.'" *Tackett*, 561 F.3d at 487 (citations omitted).

Plaintiff did not attach any Exhibits to his Complaint but did attach many documents to his Memoranda. Despite the presence of this evidence, the parties have not conducted formal discovery. Neither Moore's Declaration nor the letter dated January 14, 2015 letter are public records. Although Plaintiff's Claim #1 refers to the VA's January 14, 2015 Determination, it is the VA's alleged lack of response to Plaintiff's request for a summary of evidence the VA used in this Determination that is at issue in Claim #1. As previously indicated, Defendants rely on Moore's Declaration to demonstrate that the January 14, 2015 determination letter constituted a sufficient response to Plaintiff's records request in

7

February 2015. Yet, such extra-pleading evidence cannot be presently considered under Rule 12(b)(6).

Defendants state in their Reply that on page two of his Memorandum (Doc. #12, *PageID#* 80) Plaintiff has "acknowledged that Moore's Declaration and explanation that the January 14, 2015 letter to Plaintiff was both a notice and summary of evidence." (Doc. #15, *PageID* #146). This is incorrect. Plaintiff only acknowledges in this page of his Memorandum that Moore submitted his Declaration to this Court. (Doc. #12, *PageID* #80). Nowhere on this page does Plaintiff acknowledge the January 14, 2015 letter was sufficient to comply with the Privacy Act's access-to-records requirements.

On another note, Plaintiff states in his Memorandum in Opposition that Claim #1 is also based on the VA's violation of 38 U.S.C. § 5104. (Doc. #12, *PageID* #80).

Section 5104(a) imposes certain notice obligations upon the Secretary Of Veterans Affairs when issuing a decision regarding "the provision of benefits to a claimant …." Section 5104(b) provides, "In any case where the Secretary denies a benefit sought, the notice required by subsection (a) shall also include (1) a statement of the reasons for the decision, and (2) a summary of the evidence considered by the Secretary." Defendants' Reply does not address this aspect of Claim #1 and, therefore, does not demonstrate that dismissal of this aspect of Claim #1 is warranted under Rule 12(b)(6). *See* Doc. #15, *PageID* #146.

For these reasons, Defendants' Motion to Dismiss Plaintiff's Claim #1 lacks merit.

### C. Plaintiff's Remaining Claims

Plaintiff's Amended Complaint asserts his second claim as follows:

>       Claim #2.  On Dec. 4, 2015 the VA failed to respond, in a timely manner, to a request I made for records that the VA used in a 1979 Determination.

(Doc. #4, *PageID* #18).

Defendants contend that Plaintiff's Claim #2 is moot because the VA complied with his December 2015 request for records.  Defendants assert, "The VA Records Management Center responded to Plaintiff's December 4, 2015 Privacy Act request on February 26, 2016." (Doc. #10, *PageID* #41).  In support, Defendants rely on the Declaration of Richard Ivy, a Privacy Act/FOIA Officer with the VA.  Ivy states in response to Plaintiff's December 4, 2015 request, "Our office mailed Jarrell a letter … and a compact disc (CD) containing 1,268 pages of records from his electronic file…." (Doc. #10, *PageID* #56).

Defendants also rely on Plaintiff's statement in Claim #3 that the VA provided him with a CD containing 1,268 pages.  Plaintiff Claim #3 states:

>       The VA failed to maintain accurate records in my file when the VA provided me with a CD containing 1,268 pages of records, on Feb. 26, 2016 described by VA General Counsel as my entire VA file.

(Doc. #4, *PageID* #18).

Accepting Plaintiff's allegations as true and liberally construing Plaintiff's Claim #s 2 and 3 in his favor reveals his contention that although the VA provided him with a CD containing 1,268 pages of records, those records were so inaccurately maintained that the VA failed to respond timely or sufficiently to his request of records in violation of the Privacy Act.  In this situation, the fact that the VA provided Plaintiff with 1,268 pages of his records does not demonstrate that those records were accurately maintained in compliance with the Privacy Act.  Defendants have therefore presently failed to show that Plaintiff's

9

Claim #s 2 is moot. Defendants, moreover, do not address whether their February 26, 2015 response was timely, and they provide no reference to case law or section of the Privacy Act concerning its response-time requirement. Indeed, Defendants overlook that Plaintiff's Claim #2 asserts an issue over the timeliness of Defendants' response to his December 4, 2015 records request. For both these reasons, Defendants' opposition to Claim #2 lacks merit.

Plaintiff alleges that the VA failed to maintain accurate and complete records in his file (Claim #3) by removing certain documents from his file (Claim #s 4, 8, 9, 10); by placing certain documents in different locations in his voluminous (1,268-page) file (Claim #s 5, 6, 7); and by inserting a "fraudulent radiology report…" into his file before the 1979 Determination, which denied his application for service-connected disability benefits (Claim #11). In Plaintiff's Memorandum in Opposition, he states that, with the exception of Claim #1, "most of [his] other claims pertain to other sections of 552a such as (g)(1)(C) and (D)." (Doc. #12, *PageID* #80).

These sections of the Privacy Act state:

> (g)(1) Civil remedies—Whenever any agency
>
> . . .
>
> (C) fails to maintain any record concerning any individual with respect to accuracy, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> (D) fails to comply with any other provision of this section, or any rule that is promulgated thereunder, in such a way as to have an adverse effect on the individual,

10

>the individual may bring a civil action against the **agency in the district** courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1).

Defendants contend that Plaintiff may not use the Privacy Act as a means to attack the VA's Determination that he is ineligible for disability benefits. This is correct. Any attempt by Plaintiff to challenge in this Court the VA's January 14, 2015 Determination letter or the VA's previous determination (in 1979) that he was ineligible for disability benefits is precluded by statute. Specifically, the VA's Determinations "may not be reviewed by any other official or by any court, whether by action in the nature of a mandamus or otherwise." 38 U.S.C. § 511(a). While certain exceptions to this exist (*e.g.*, an appeal leading to the Court of Appeals for the Federal Circuit), none provide for judicial review of VA benefit determinations in the U.S. District Courts. *See Kalick v. United States*, 541 Fed. App'x 1000, 1001 (Fed. Cir. 2013) (explaining the procedure for appealing VA's denial of disability benefits). Thus, to the extent Plaintiff seeks review of the VA's benefits determinations in this Court, review is unavailable. *See* 38 U.S.C. § 511(a); *see also Price v. United States of America*, 228 F.3 420, 421 (Fed. Cir. 2001); *Edwards v. Rozzi*, 1992 WL 133035, at *1 (6th Cir. 1992).

Plaintiff's Amended Complaint carefully avoids a direct or specific challenge to the VA's Determination that he is ineligible for disability benefits. He refers instead to the VA's "Jan. 14, 2015 Determination" and "the 1979 Determination" without directly claiming they were incorrect or unsupported. *See* Doc. #4, *PageID* #s 18-19. His

Memorandum in Opposition, however, is more revealing.  When contesting the accuracy of Moore's Declaration, Plaintiff explains:

> This really gets to the core of the problem and the reason I am bringing this cause to the Federal Court.  The VA has been ignoring and destroying the evidence I send to them since the original fraud they employed to deny my original claim for VA benefits in 1978.  If the VA is going to continue to ignore and destroy evidence they do not like then I will never advance this case through the VA system and there is no redress for me.

(Doc. #12, *PageID#* 81).  The VA's alleged acts of ignoring and destroying the evidence he submits, and the other misconduct alleged in the Amended Complaint, rest—at least in part—on his unalleged yet foundational assertion that he is entitled to disability benefits.  This is so regardless of his focus on the Privacy Act.  Again, to the extent Plaintiff claims that the VA's ineligibility determination was incorrect or unsupported, this Court lacks jurisdiction to consider his Privacy Act claims.  *See Price*, 228 F.3d at 421 ("because Price is challenging the VA's action or inaction with respect to a veterans' benefits matter, the district court lacked subject matter jurisdiction over the complaint.").

Plaintiff further states in his Memorandum, "If the VA is going to continue to ignore and destroy evidence they do not like then I will never advance this case through the VA system and there is no redress for me."  (Doc. #12, *PageID#* 81).  Yet, there was potential redress available to Plaintiff after the VA determined he was ineligible for disability benefits.  He could have sought judicial review through an appeal to the "United States Court of Veterans Appeals and from there to the United States Court of Appeals for the Federal Circuit."  *Price*, 228 F.3d at 421.

Tacking in another direction, Defendants contend that Plaintiff failed to allege he suffered an "adverse" determination as a consequence of recordkeeping that ran afoul of § 552a(g)(1)(C)'s requirements. The plain language of § 552a(g)(1)(C) requires that the agency's failure to properly (accurately, timely, and completely) maintain records results in "a determination is made which is adverse to the individual …." Rather than alleging he suffered an adverse determination, Plaintiff's Amended Complaint carefully refers to the VA's "Jan. 14, 2015 Determination" and "the 1979 Determination" without stating the outcome of those Determinations. He also does not indicate that an he suffered an adverse determinations caused by recordkeeping that failed to satisfy § 552a(g)(1)(C)'s requirements. (Doc. #4, *PageID* #s 18-19).

Nevertheless, even if Plaintiff has sufficiently alleged he suffered an adverse action, he faces another problem when attempting to plead his Privacy Act claim against the VA. This additional problem arises from the remedy Privacy Act's remedial provision, which states:

> In any suit brought under the provisions of subsection (g)(1)(C) or (D) of this section in which the court determines that the agency acted in a manner which was intentional or willful, the United States shall be liable to the individual in an amount equal to the sum of—
>
> (A) actual damages sustained by the individual as a result of the refusal or failure, but in no case shall a person entitled to recovery receive less than the sum of $1,000; and
>
> (B) the costs of the action together with reasonable attorney fees as determined by the court. § 552a(g)(4).[1]

*Doe v. Chao*, 540 U.S. 614, 619 (2004). "Congress intended the term 'actual damages' in the [Privacy] Act to mean special damages." *F.A.A. v. Cooper*, __U.S.__, 132

13

S.Ct. 1441, 1451 (2012). "'Special damages' are limited to actual pecuniary loss, which must be specially pleaded and proved." *Id*. "The basic idea is that Privacy Act victims…, are barred from any recovery unless they can first show actual—that is, pecuniary or material—harm. Upon showing some pecuniary harm, no matter how slight, they can recover the statutory minimum of $1,000, presumably for any unproven harm." *Id*.

Liberally construing Plaintiff's *pro se* Amended Complaint in his favor, and accepting its factual allegations as true, no reference to actual damages, either pecuniary or material, emerges. It would seem a liberal construction in Plaintiff's favor would find allegations of actual damages arising from the VA's Determination that he is ineligible for disability benefits. This, however, returns Plaintiff to a place from which he cannot advance: in this Court, attempting to raise a denial-of-VA-benefits claim over which this Court lacks jurisdiction. *See* 38 U.S.C. § 511(a); *see also Price*, 228 F.3 at 421; *Edwards*, 1992 WL 133035, at *1.

Defendants further contend that Plaintiff's Claim #10 is barred by the Privacy Act's statute of limitations. Plaintiff's Amended Complaint and Memoranda refer to events that occurred many years ago. Claim #10 alleges that the VA removed Dr. Babbitt's report from his file and prevent Plaintiff from presenting it before the VA's 1979 Determination. Claim #11 alleges that the VA inserted a fraudulent radiology report into his file before its 1979 Determination.

A claim under the Privacy Act "may be brought ... within two years from the date on which the cause of action arises ...." 5 U.S.C. § 552a(g)(5). A cause of action under the Privacy Act arises when the plaintiff knows or has reason to know of an agency's violation.

14

*See Lockett v. Potter,* 259 F. App'x 784, 786 (6th Cir. 2008); *see also Oja v. United States Army Corps of Engineers,* 440 F.3d 1122, 1135 (9th Cir. 2006); *Davis v. United States Dep't of Justice,* 204 F.3d 723, 726 (7th Cir.2000); *Jarrell v. National Personnel Records Center*, No. 3:11cv00434, 2013 WL 5346483, at *8 (S.D. Ohio 2013) (R&R adopted, 2013 WL 5773930 (Oct. 23, 2013).  Plaintiff's Claims #s 10 and 11 are time barred because he bases them on events that allegedly occurred more than two years before he filed the present case, on March 18, 2016.  *See Jarrell v. Nat'l Personnel Record Center*, No. 3:11cv00434, 2013 WL 5346483, * 8 (S.D. Ohio Sept. 23, 2013)(R&R adopted 2013 WL 5773930 (S.D. Ohio Oct. 24, 2103) (Rice, D.J.).

The two-year statute of limitations does not bar his Claims to the extent they are based on the alleged events that occurred within two years before March 18, 2016.  This means that his Claims concerning the VA's response to his request for records related to the January 14, 2015 Determination are not time barred.

        **C.**     **Plaintiff's Constitutional Claims**

Although Plaintiff's Amended Complaint does not refer to any constitutional claims, he asserts elsewhere that the VA invaded his fundamental constitutional right to privacy by removing evidence from his file and violated his rights under the Due Process Clause.  *See* Doc. #12, *PageID* # 92; *see also* Doc. #16, *PageID* #161.  Plaintiff's Amended Complaint fails to state a plausible constitutional claim because "Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues."  *Beamon v. Brown*, 125 F.3d 965, 974 (6th Cir. 1997).

## IT IS THEREFORE RECOMMENDED THAT:

1. Defendants' Motion to Dismiss (Doc. #10) be DENIED, in part, as to Plaintiff's Claim #1; and GRANTED in remaining part; and

2. Defendants United States Attorney and United States Attorney General be dismissed as parties to this case.


January 18, 2017                     *s/Sharon L. Ovington*
                                                    Sharon L. Ovington
                                                    United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).