# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | |
|---|---|
| STEPHEN PAUL JARRELL, | Case No. 3:16-cv-0095 |
| Plaintiff, | District Judge Walter H. Rice |
| | Magistrate Judge Sharon L. Ovington |
| vs. | |
| ROBERT McDONALD, Secretary of the U.S. Department of Veterans Affairs, et al., | |
| Defendants. | |

# ORDER

The case is before the Court upon Plaintiff's Motion to Compel and attached Exhibits (Doc. #36) and the record as a whole. Plaintiff explains that on July 19, 2017, he "requested records from the Defendant. Specifically, the records (forms) attached to Ben Szabo's email dated May 9, 2014 that spelled out to the VA that Plaintiff was not absent the required 180 consecutive days that constitutes a bar to VA benefits in accordance with VAR 1012(C)(6)." (Doc. #36, *PageID* #353) (internal citations omitted).

"Although the parties generally may discover any unprivileged evidence relevant to their claim, Fed. R. Civ. P. 26(b)(1), the district court may limit discovery due to irrelevance and burdensomeness." *Entertainment Productions, Inc. v. Shelby County, Tenn.*, 721 F.3d 729, 744 (6th Cir. 2013). "Information within

th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

Plaintiff is not entitled to an Order compelling Defendant to produce the records he requested on July 19, 2017 because those records are not relevant to his only remaining claim. His sole remaining claim asserts that Defendant violated the Privacy Act, 5 U.S.C. § 552a(d)(1), by failing to respond to his request for the "Summary of Evidence used by the VA in a Jan. 14, 2015 Determination regarding [his] eligibility for service connected disability." (Doc. #4, *PageID* #18); *see* Doc. #20 (dismissing Plaintiff's claims two through twelve).

The records Plaintiff presently seeks relate to the denial of his July 19, 2017 records request and, in turn, to his present desire for records to show that he was not absent without leave for 180 consecutive days during his brief military service in the late 1970s. Plaintiff's desire to show he was not AWOL for 180 consecutive days goes to the merits of his claim that the VA erred in determining, on January 14, 2015, that he was ineligible for disability benefits. He essentially explains this in his argument that "he submitted timely evidence to the VA through Ben Szabo conclusively showing that he was AWOL for less than 180 days, and that the VA failed to consider that evidence in making their January 14, 2015 decision…." (Doc. #36, *PageID* #354). Not only does this have no relevance to his sole remaining claim, U.S. District Courts lack jurisdiction over challenges to VA disability determinations. (Doc. #20, *Page ID* #195).

Accordingly, Plaintiff's Motion to Compel lacks merit.

2

**IT IS THEREFORE ORDERED THAT**:

Plaintiff's Motion to Compel (Doc. #36) is DENIED.


November 28, 2017                    *s/Sharon L. Ovington*
                                     Sharon L. Ovington
                                     United States Magistrate Judge