IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN PAUL JARRELL,

    Plaintiff,

v.

DAVID SHULKIN,

Secretary of the Department of
Veterans Affairs,

    Defendant.

Case No. 3:16-cv-95

JUDGE WALTER H. RICE

MAGISTRATE JUDGE
SHARON L. OVINGTON

---

DECISION AND ENTRY SUSTAINING MOTION FOR SUMMARY
JUDGMENT OF DEFENDANT DAVID SHULKIN, SECRETARY OF THE
DEPARTMENT OF VETERANS AFFAIRS (DOC. # 41), AND
OVERRULING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
(DOC. # 39); ALL OF PLAINTIFF STEPHEN PAUL JARRELL'S CLAIMS
AGAINST THE DEFENDANT SECRETARY ARE DISMISSED WITH
PREJUDICE TO REFILING IN THIS COURT; JUDGMENT SHALL
ENTER IN FAVOR OF THE SECRETARY AND AGAINST PLAINTIFF;
TERMINATION ENTRY

---

In his Amended Complaint, Plaintiff Stephen Paul Jarrell ("Plaintiff") raised twelve claims against the Defendant David Shulkin, Secretary of the Department of Veterans Affairs ("Secretary"), alleging that the Secretary committed numerous statutory and constitutional violations concerning the Department of Veterans Affairs' ("VA") denial of his claim for benefits, as set forth in a January 14, 2015, Determination Letter, and the VA's allegedly inadequate responses to his requests for records at various points in 2015 and 2016. Doc. #4. On February 15, 2017, the Court adopted the Report and Recommendations of the United States Magistrate Judge and dismissed all claims except for Claim One, in which Plaintiff alleged that the Secretary violated the Privacy

Act of 1974, 5 U.S.C. § 552 *et seq.*, by failing to provide a summary of the evidence considered in a benefits determination. *Id.*, PageID #18; Doc. #20, PageID #196. The Court held that, while Plaintiff brought Claims Two through Twelve under the Privacy Act, the pecuniary harm he allegedly suffered arose from the VA's denial of his applications for benefits. As this Court lacks jurisdiction to review a VA benefits determination, or any issue collateral to said determination, it dismissed those claims with prejudice. Doc. #20, PageID #194-95 (citing 38 U.S.C. § 511(a); *F.A.A. v. Cooper*, 566 U.S. 284, 296, 132 S.Ct. 1441, 182 L.Ed.2d 497 (2012)).

Plaintiff filed an Amended Pleading, abandoning Claims Two through Twelve and raising three new claims. Doc. #33. Plaintiff alleged, in the new Claims Two through Four, that the VA failed to review certain evidence submitted by Plaintiff prior to denying his benefits claim in the VA's January 14, 2015, Determination Letter, in violation of 38 U.S.C. § 5104 (decisions made by the Secretary regarding an application for VA benefits). *Id.*, PageID #309-10. Plaintiff claimed that, due to the VA's refusal to review the evidence submitted by Plaintiff and the Secretary's failure to provide a summary of evidence relied upon by the VA in denying his benefits claim, he is unable to appeal the VA's determination. *Id.*, PageID #310-11. Plaintiff sought equitable relief under 38 U.S.C. § 503. *Id.*, PageID #309.

Currently before this Court are the cross-Motions for Summary Judgment of Plaintiff and the Secretary. Doc. #39; Doc. #41. For the reasons set forth below, this Court SUSTAINS the Secretary's Motion, and OVERRULES Plaintiff's Motion.

## I. LEGAL STANDARD

Summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). The moving party always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the record which it believes demonstrate the absence of a genuine issue of material fact. *Id.* at 323; *see also Boretti v. Wiscomb*, 930 F.2d 1150, 1156 (6th Cir. 1991).

"Once the moving party has met its initial burden, the nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial." *Talley v. Bravo Pitino Rest., Ltd.*, 61 F.3d 1241, 1245 (6th Cir. 1995); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to "simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex*, 477 U.S. at 324. "The plaintiff must present more than a scintilla of evidence in support of his position; the evidence must be such that a jury could reasonably find for the plaintiff." *Michigan Prot. & Advocacy Serv., Inc. v. Babin*, 18 F.3d 337, 341 (6th Cir. 1994).

3

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. In determining whether a genuine dispute of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255. If the parties present conflicting evidence, a court may not decide which evidence to believe. Credibility determinations must be left to the fact-finder. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE Civil 3d § 2726 (1998).

In determining whether a genuine dispute of material fact exists, a court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). "A district court is not . . . obligated to wade through and search the entire record for some specific facts that might support the nonmoving party's claim." *InterRoyal Corp. v. Sponseller*, 889 F.2d 108, 111 (6th Cir. 1989). If it so chooses, however, the court may also consider other materials in the record. Fed. R. Civ. P. 56(c)(3).

The standard of review for cross-motions of summary judgment does not differ from the standard applied when a motion is filed by only one party to the litigation:

> "The fact that both parties have moved for summary judgment does not mean that the court must grant judgment as a matter of law for one side or the other; summary judgment in favor of either party is not proper if disputes remain as to material facts. Rather, the court must evaluate each party's motion on its own merits."

*Taft Broad. Co. v. United States*, 929 F.2d 240, 248 (6th Cir.1991) (citations omitted).

4

## II. ANALYSIS

The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment. Rule 12(h)(3) instructs: "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."

*Arbaugh v. Y&H Corp.,* 546 U.S. 500, 506-07, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006) (*citing Kontrick v. Ryan,* 540 U.S. 443, 455, 124 S. Ct. 906, 157 L. Ed. 2d 867 (2004)). Thus, the Court first considers the Secretary's argument that this Court lacks subject matter jurisdiction over the relief sought by Plaintiff. Doc. #41, PageID #394. In his Amended Pleadings, Plaintiff seeks equitable relief for alleged violations of 38 U.S.C. § 5104 (decisions regarding veteran benefits) and the Privacy Act of 1974, 5 U.S.C. § 552a, *et seq.* Doc. #33, PageID #308-11; Doc. #41, PageID 396-97.

Jurisdiction over veterans benefits claims is governed by the Veterans Judicial Review Act of 1988 ("VJRA"). Pub. L. No. 100-687, 102 Stat. 4105. Under the VJRA, Congress "established a multi-tiered framework for the adjudication of claims regarding veterans benefits." *Beamon v. Brown,* 125 F.3d 965, 967 (6th Cir. 1997). The VA "shall decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans." 38 U.S.C. § 511(a). "[T]he decision of the Secretary as to any such question shall be final and conclusive and <u>may not be reviewed</u> by any other official or <u>by any court</u>[.]" *Id.* (emphasis added). A claimant may appeal a decision from the regional office to the Board of Veteran's Appeals ("BVA"), which will either issue a final decision or remand the claim. 38 U.S.C. § 7104. The Court of Veterans Appeals ("CVA") has exclusive jurisdiction over appeals from BWA decisions, 38 U.S.C. § 7252(a); United States Court

5

of Appeals for the Federal Circuit, in turn, has exclusive appellate jurisdiction over decisions of the CVA. 38 U.S.C. § 7292.

The Privacy Act offers broad discretion to districts courts to order the VA to amend a veteran's records, either at the request of the veteran or as the court may direct. However, this remedy is limited to the correction of inaccurate or incomplete documents within the veteran's file.

> The law is settled that this Court may not hear claims attempting to challenge impermissibly the underlying VA benefits decisions; to allow such Privacy Act claims would require this Court to intrude impermissibly on the province of the Secretary of Veterans Affairs.

*Melvin v. Dep't of Veterans Affairs,* 70 F. Supp. 3d 350, 358 (D.D.C. 2014) (*citing Thomas v. Principi,* 394 F.3d 970, 975 (D.C. Cir. 2005)) (affirming the dismissal of the plaintiff's Privacy Act claims that "alleg[ed] only that the VA's failure to maintain accurate and complete records adversely affected [plaintiff]'s benefits determinations"). Sixth Circuit caselaw accords with that of other circuits, holding that: (a) claims relating to benefits would require consideration of a benefits decision, regardless of how the claims are styled by a plaintiff; and (b) "Congress intended to preclude district court jurisdiction over VA decisions relating to benefits claims, including decisions of constitutional issues." *Beamon,* 125 F.3d at 974; *accord*: *Price v. United States,* 228 F.3d 420, 422 (D.C. Cir. 2000) (citations omitted) ("The courts have consistently held that a federal district court may not entertain constitutional or statutory claims whose resolution would require the court to intrude on the VA's exclusive jurisdiction."); *Sugrue v. Derwinski,* 26 F.3d 8, 11 (2d Cir. 1994) ("neither the Privacy Act nor the [Freedom of Information Act of 1966, 5 U.S.C. § 552] may be used as a rhetorical cover to attack VA benefits determinations").

6

As discussed above, Plaintiff's claims, while raised under 38 U.S.C. § 5104 and the Privacy Act, are inextricably intertwined with the pecuniary harm he supposedly suffered—the VA's denial of his benefits application, as set forth in the January 14, 2015, Determination Letter. *Beamon* makes clear that this Court may not review a VA benefits determination, even if a collateral matter is raised. 125 F.3d at 974. Accordingly, Plaintiffs' claims must be dismissed.[1]

## III. CONCLUSION

For the reasons set forth above, the Court SUSTAINS the Motion for Summary Judgment of Defendant David Shulkin, Secretary of the United States Department of Veterans Affairs, on all claims, Doc. #41, and OVERRULES Plaintiff's Motion for Summary Judgment. Doc. #39. Plaintiff's claims are dismissed with prejudice to refiling in this Court.[2] Judgment shall enter in favor of the Secretary and against Plaintiff.

The captioned case is hereby ordered terminated upon the docket records of the United States District Court for the Southern District of Ohio, Western Division, at Dayton.

---

[1] Plaintiff alleges in Claim Four that he was prevented from appealing the VA determination when he was not provided the summary of the evidence considered by the VA in their January 14, 2015, determination letter. Doc. #33, Page ID #310-11. However, Plaintiff began the appropriate appeals process before voluntarily withdrawing his Notice of Disagreement. Doc. # 41-3, PageID #421-22; Doc. #41-7, PageID #446. Had Plaintiff continued in accordance with this procedure, he would have had his appeal heard before the BVA. 38 U.S.C. § 7104. Therefore, Plaintiff was not prevented from appealing any determinations by the VA, and in fact, was advised by the VA on how to pursue an appeal through the appropriate jurisdictional channels.

[2] In its February 15, 2017, Entry, the Court dismissed Claims Two through Twelve from Plaintiff's Amended Complaint with prejudice. Doc. #20, PageID #195. That dismissal is with prejudice only to refiling in this Court; it is without prejudice as to refiling in a court of competent jurisdiction.

7

Date: April 20, 2018

*(signature)*
WALTER H. RICE
UNITED STATES DISTRICT JUDGE